J. T. KNOWLES v. J. H. TORBITT.

*(Case No. 4176.)*

1. DESCRIPTION — CONVEYANCE.— A deed to land is not void for want of certainty in the description, which recites only the county in which it is situated, the number of acres it contains, and the designation of the particular claim by virtue of which it was located, if it conveys the entire tract, and not an undefined part.
2. CASE DISTINGUISHED.— This case distinguished from Wofford v. McKinna, 23 Tex., 36; Norris v. Hunt, 51 Tex., 609, and that class of cases, where, in an attempted conveyance of undefined portions of larger tracts, the ambiguity was apparent on the face of the instrument.
3. DESCRIPTION.— Under the modern practice in ejectment, a general description of the premises sued for is good, unless a different rule be prescribed by statute.

APPEAL from McLennan. Tried below before the Hon. L. C. Alexander.

The opinion sufficiently states the case, with reference to the point decided.

*Sleeper, Jones & Kendall,* for appellant.— The description contained in the decree foreclosing the vendor's lien is too vague and uncertain. Murry v. Land, 27 Tex., 89; Norris v. Hunt, 51 Tex., 610; Wofford v. McKinna, 23 Tex., 36; Flanagan v. Boggess, 46 Tex., 330; Herman on Executions, 289, and authorities there cited.

[No briefs for appellee have reached the reporter.]

BONNER, ASSOCIATE JUSTICE.— In this case it is sought to collaterally impeach, as void for want of certainty in the description of the land, a previous judgment of the district court enforcing the vendor's lien; and also for the same reason, to reject the sheriff's deed made under the order of sale issued in pursuance of this judgment.

This is the only question insisted upon in argument by counsel for appellant.

The description as given in brief of appellant is as follows:

"Two hundred and ninety-five acres of land conveyed by virtue of a certificate originally granted to one Leonard S. Williams in one tract; twenty-five acres surveyed by virtue of the same certificate in another tract; forty acres of land in another tract, surveyed by virtue of land scrip No. ——, issued to Ishmael Kyle; and one hundred and sixty acres of land, surveyed for and patented to F. M. Taylor, as his pre-emption claim; all and each of said tracts of land lying and being in the county of McLennan."

The record, however, shows that only the two tracts for twenty-five and one hundred and sixty acres were embraced in the judgment.

It does not affirmatively appear but what the description of the land contained the whole of the several tracts embraced in the judgment and the sheriff's deed. The county in which situated, the number of acres in each tract, and the designation of the particular claim by which located, are set out, and under the authority of adjudicated cases the description is sufficient. Flanagan *v.* Boggess, 46 Tex., 334; Steinbeck *v.* Stone, decided at present term, and authorities cited.

This presents a different question from that in Wofford *v.* McKinna, 23 Tex., 36; Davenport *v.* Chilton, 25 Tex., 519; Pressley *v.* Testard, 29 Tex., 201, and Norris *v.* Hunt, 51 Tex., 609, in which the lands purported to be conveyed ap-

peared to be undefined parts of larger tracts, and in which the ambiguity was patent upon the face of the instruments.

Under the modern practice in ejectment, for reasons peculiar to that action, a general description of the premises sued for is good, unless a different rule is prescribed by statute. Tyler on Ejectment, 393.

Judgment affirmed.

AFFIRMED.

[Opinion delivered May 26, 1880.]