## W. E. Rogers vs. M. E. McLaren.

### *(Case No. 3776.)*

1. CERTAINTY OF DESCRIPTION — JUDGMENT.— In a suit to enforce a vendor's lien on land for the payment of a note given for the purchase money, there was no specific description of the land set forth in the petition in terms, but reference was made for further description to a deed executed by the vendor. Judgment was rendered for the amount due on the note, and ordering the sale of land not specifically described in terms by the judgment, but referred to as described in a deed recorded on certain pages of the county record of deeds: *Held,*

    1. There being no statement of facts contained in the transcript, the presumption is in favor of the judgment.

    2. The description of the land was sufficiently certain, the same being set forth so as to be identified with certainty in the deed.

    3. The fact that the judgment describes the land further than as averred in the pleadings by reference to the particular registry book and page in which the deed to the same was recorded, was not a variance from the pleading, but an additional description, which, in the absence of a statement of facts, it will be presumed was sustained by the pleadings.

APPEAL from Bosque. Tried below before the Hon. D. M. Prendergast.

M. E. McLaren, defendant in error, brought suit in the district court for Bosque county against W. E. Rogers, Christian Cook, George Minicks, J. M. Hancock and Hawk. Sparks, alleging that W. E. Rogers had executed and delivered to Wade Horton his promissory note for twelve hundred and twenty-six dollars, which was given as the purchase money for a certain tract of land, and that the same had been transferred to the defendant in error, M. E. McLaren; that Cook, Minicks *et al.*, who were also made defendants, were claiming and in possession of portions of the land. Prayer for judgment and foreclosure of vendor's lien on a balance due on the note after admitting sundry credits. Defendants below pleaded a general denial only. Judgment was rendered by the court, after hearing the evidence, in favor of McLaren, defendant in error, for sixteen hundred and fifty dollars and forty-five cents and costs of suit, against Rogers, the maker of the note; and a decree foreclosing the lien against all the defendants, and providing for order of sale.

The note was set forth in the petition and was as follows:

" $1,226. On or before the first day of January, 1875, I promise to pay Wade Horton, or bearer, the sum of twelve hundred and twenty-six ($1,226) coined dollars, with interest at ten per cent. from date until paid. The above note is given as part payment on a one thousand sixty-three (1,063) acre tract of land, this day sold by me to him, the said Rogers, in Bosque county, out of the south half of the William Shepard league and labor, said deed of conveyance bearing even date with this note; said note constituting a vendor's lien on said land for the purchase money of the same. This October 9, 1873.

(Signed) W. E. ROGERS.
Attest:
    " H. C. FORD,
    " A. HORTON."

The petition referred for better description of the land to a deed to the same from Wade Horton to W. E. Rogers, " which

is in the possession of said Rogers, and which he is hereby notified to produce upon the trial of this cause; otherwise secondary evidence of its contents will be offered by the petitioner upon trial."

The judgment foreclosed a vendor's lien on 1063 acres, part of William Shepard's league and labor, " described in deed of conveyance from Wade Horton to defendant W. E. Rogers, dated the 9th day of October, 1873, and recorded in Book M, pages 201, 202 and 203 of said Bosque county deed records." Though there was no statement of facts, the copy of such a deed was incorporated in the transcript in connection with the pleadings, and the land conveyed was in that deed specifically designated, so as to be identified with certainty.

*James M. Anderson* for appellant.

I. The description of the land in the decree foreclosing the lien is different from the description in the petition. The note is set out in the petition and describes the land thus: " The above note is given as a part payment on a one thousand sixty-three acre tract of land, this day sold by me to him, the said Rogers, in Bosque county, out of the south half of the William Shepard league and labor; such deed of conveyance bearing even date with this note." And then further on the petition sets forth that the note was given " for part of the purchase money for one thousand and sixty-three acres of land, out of and a part of the south half of the William Shepard league and labor of land, lying in Bosque county, state of Texas." Murray *v.* Land, 27 Tex., 89; Pressley *v.* Testard, 29 Tex., 201; Schmidt *v.* Mackey, 31 Tex., 659; 2 Jones on Mortgages, sec. 1462, title Foreclosure.

II. No land is described in plaintiff's petition.

III. No reference to pages and books of record was had nor alleged in the original petition, and therefore the decree varies from the description in the petition.

*S. H. Renick* for appellees. — Any description of land in a deed or decree of court is sufficient if by it, and the records

called for or pointed out, a person of ordinary intelligence can find and identify the land. In this cause there is no pretense that the land is not identified and cannot be found by the decree, nor that there is any danger of selling the wrong land. 2 Jones on Mortgages, § 1572.

Bonner, Associate Justice.— In this case there is no statement of facts, and every reasonable presumption should be indulged in favor of the judgment below.

The only question in the case is that of the sufficiency of the description of the land upon which the vendor's lien was enforced.

Although there is some confusion as to description arising from the recitals in the note set out in the petition, and which appear evidently to have been inadvertently made, yet this is obviated by a subsequent allegation, in which for better description reference is made to the deed to the land, executed by the vendor, Horton, to the vendee and defendant below, W. E. Rogers.

Under recent decisions of this court this description is sufficiently certain. Norris *v.* Hunt, 51 Tex., 609; Steinbeck *v.* Stone, *ante*, p. 382.

The fact that the judgment further describes this deed than as averred in the pleadings, by reference to the particular registry book and page where recorded, is not a variance from the pleadings, but an additional description which, in the absence of a statement of facts, we must presume was sustained by the evidence.

                                        Affirmed.

[Opinion delivered June 11, 1880.]