## J. P. BOWLES vs. P. M. BEAL ET AL.

### SUPREME COURT, TYLER TERM, 1883.

*Deed—Evidence.* See the opinion in this case for recitals in a deed sufficiently certain to qualify that instrument as evidence.

*Same.* The fact that a deed showed upon its face that the land, conveyed by an assignee residing in N. county, was located in D. county did not disqualify that instrument as evidence in a trial had in N. county.

Appeal from Navarro County.

*Goodrich & Clarkson* for appellant.

No counsel marked for appellees.

#### STATEMENT.

This action of trespass to try title was brought by appellant against John P. Whatley, W. C. McClung and P. M. Beal, to recover about 900 acres of land in the Elijah Powers league, situated in Navarro county. Pending the suit Beal died, and his administratrix, Mrs. W. Beal, was made a party defendant. Plaintiff claimed the land by virtue of a purchase of one undivided half interest thereof at an execution sale against P. M. Beal, and claimed the other half through one Jeffries, who was a co purchaser of the entire land in undivided interests at said execution sale. The defendants claimed through Beal by heirship and purchase.

The league of land, of which the land sued for is part, was patented to Elijah Powers in 1846. Before 1857 Powers died, leaving the defendant, Beal, one of his heirs. September 20, 1857, J. P. Bowles and J. F. Jeffries recovered a judgment in the district court of Falls county, against P. M. Beal for $320.32 and costs, and fore-

closing an attachment lien on said league of land. On the first Tuesday in February, 1858, the interest of P. M. Beal in the league was sold by the sheriff of Navarro county by virtue of an order of sale issued on this judgment, and Bowles and Jeffries became the purchasers. On February 2, 1858, the Sheriff of Navarro county made to them his deed for Beal's interest in said league of land. March 20, 1872, in a suit for partition amonst the heirs of Elijah Powers, the particular tract, a part of the league, was allotted to P. M. Beal.

Appellant having successfully deraigned title from the government to himself and one Jeffries, sought to introduce in evidence deeds from the assignee of said Jeffries, through Bowers ond others, to himself, and announced at the time he offered so to do that he would do so. He thereupon sought to deraign his title from Jeffries to his interest, and having shown the deed of assignment by the register in bankruptcy to M. L. Ritter, assignee in bankruptcy of Jeffries, he offered in evidence the deed of the said Ritter, assignee in bankruptcy of Jeffries, to E. G. Bower, Julian Peak and E. H. T. Nichols, which on the objection of the defendant, was excluded— among other reasons, because the court was of the opinion "that the description of the land therein conveyed is so vague, indefinite and uncertain, as to render said deed void for want of sufficient description."

The deed describes the land sold as follows : "An undivided one-third of one-sixth of a league of land in Navarro county, Texas, patented to Elijah Powers, the same being one-third of the interest in said land heretofore conveyed by sheriff of said county of Navarro to J. P. Bowles and J. F. Jeffries."

The league is particularly described in the patent to Elijah Powers, and the sheriff's deed conveys this league.

It was also urged that the assignee had no right to sell the land in Dallas county, the same being situated in Navarro county.

A trial was had before the court without a jury, and judgment was rendered for appellant for one-half undivided interest in the land, from which he appeals.

With this statement the opinion will be understood.

Opinion by West J.

The bill of exceptions shows that there were but two objections raised to the introduction in evidence of the deed of Ritter, assignee of Jeffries, to Bower, Peak and Nichols, for a portion of the land

sued for. These related to the supposed want of certainty in the terms sued in the deed in describing the land intended to be conveyed, and to the fact disclosed on the face of the deed that the sale was made in Dallas county by the assignee.

We do not regard either objection as tenable. The deed of the assignee, under consideration, descried the land sold and conveyed with reasonable certainty, and referred to the deed of the sher'ff of Navarro county,that was already in evidence,to identify theparticular interest in the Powers league that was conveyed. This discription, under our previous decisions, was sufficient to admit the deed under consideration in evidence. The cases alluded to are collated below. The court erred in excluding it.

Montgomery vs. Carlton, 56 Tex. 433; Knowles vs. Torbitt, 53 Tex. 557; Rogers vs. McLaren, 53 Tex. 423; Steinbeck vs. Stone, 53 Tex. 382; Wilson vs. Smith, 50 Tex. 369, 370; Ragsdale vs. Robinson, 48 Tex. 395, 396; see also Waters vs. Spofford, 58 Tex. 124; Kingston vs. Pickens, 46 Tex. 101, Berry vs. Wright, 14 Tex. 273; Flanagan vs. Boggess, 46 Tex 335; see also Norris vs. Hunt, 51 Tex. 616, 617.

The conveyance was clearly not void on its face on inspection, for want of certainty.

As to the remaining objection we are not aware of any law that forbade the assignee from selling the land in question in Dallas county, and we have been referred to none. Bump. on Bank., 9 ed., 167; U. S. Rev. Stat., Art 5147; Pope vs. Davenport, 52 Tex. 218. These objections to the introduction of the deed were were not sufficient to justify its entire exclusion from the case.

It is not necessary, in the present state of the record before us, to discuss the extent of the interest held by the appellant in the land sued for. The mesne conveyance from Bower, Peak and Nichols, to the appellant, are not before us.

It would have been the better practice for the appellant, in his bill of exceptions, to have set out the subsequent link in his chain of title, or to have given, in the bill, their dates, contents, etc. The appellee had, however, up to that point successfully deraigned his title to the *locus in quo* from the government, regularly down to himself and the assignee of his joint owner, Jeffries, and announced at the time the deed under consideration was offered in evidence, that he would now proceed to trace the remainder of the title, from the assignee of his co-tenant, through Bowers and others, down to

himself. This announcement may be considered, and seems to have been regarded and treated by the court and all the parties to the case, as equivalent to an exhibition or production in court, of his other deeds to the land in suit, the filing and proof of which had been by written agreement of the parties already dispensed with. As the deed from Ritter, the assignee, was, on the objections above stated being raised to its introduction, excluded, it was probably under the circumstances deemed by all parties unnecessary to set out in the record appellant's subsequent chain of title in full.

This deed of Ritter, the assignee of Jeffries, we are of the opinion, showed on its face a right in the land in suit in the parties to whom the assignee executed the conveyance, and if appellant had been permitted to do as he offered to do, to connect himself by subsequent deeds with this title, he would have been able to show thereby a *prima facie* right to at least two-thirds of the land in controversy.

Under this claim of conveyance he would be entitled to recover the tract of land sued for as against all the appellees, unless they, on another trial, may be able to disclose a better right in themselves to the premises than is presented before us in the present record.

Guilford vs. Love, 49 Tex. 728; Stoval vs. Carmichael, 52 Tex. 389; Pilcher vs. Kirk, 55 Tex. 214; Robertson vs. Johnson, 57 Tex. 65.

The judgment is reversed and the cause remanded.