## D. P. ECHOLS v. JACOBS MERCANTILE COMPANY.

### Decided January 21, 1905.

**1.—Trespass to Try Title—Description of Land.**

Allegations in plaintiff's petition in trespass to try title, that the premises sued for consisted of one hundred acres of land then occupied by the defendant, and on which is situated the mill and gin formerly owned by him, followed by a statement of the premises by which the tract was bounded, was sufficient, since the land could be identified by such description.

**2.—Same—Endorsement of Petition.**

An objection that plaintiff's amended original petition, on which the case was tried, was not endorsed, "An action to try title as well as for damages," as provided by statute, can not be raised by a general demurrer, nor be considered when raised for the first time on appeal.

**3.—Deed of Trust—Description of Land.**

There was a sufficient description of the land conveyed by a deed of trust where it was described as "one hundred acres of land situated in C. County, Texas, near the town of L., being a portion of the J. R. W. survey, and being the same premises now occupied by me"—the grantor.

**4.—Same—Variance.**

Although the land was, in fact, a part of the T. R. W. survey, instead of the J. R. W. survey, yet there was no variance where plaintiff's petition alleged a mistake in such description, and the proof showed it, and the description, aside from the name of the survey, was sufficient to identify the land.

**5.—Evidence—Date—Account Book.**

Where a merchant testified from his personal knowledge that a debt originally due him on account of goods sold accrued at a stated period, and during the lifetime of defendant's wife, it was immaterial that he did not produce his account books showing the sales and their dates.

**6.—Homestead—Mortgage by Single Man.**

A single man, who is a widower, residing with his minor children on the homestead, can mortgage it to secure a community debt incurred during the lifetime of the deceased wife, and a sale under the mortgage conveyed the title as against himself and the children.

**7.—Same—Separate Debt Included.**

The fact that, along with the community debt of nearly $800, for which the mortgage on the homestead was given by the surviving husband, there was included a separate debt of his to the amount of $80, did not vitiate the sale under the mortgage.

Appeal from the District Court of Cass. Tried below before Hon. P. A. Turner.

*Figures & Pruitt*, for appellant.—1. The petition in trespass to try title should describe the premises by metes and bounds, or with sufficient certainty to identify same. Art. 5250, Sayles' Stats., 1897; Roche v. Lovell, 74 Texas, 191; Halley v. Fontaine, 33 S. W. Rep., 260.

2. The rules of evidence require that the allegations and proof must correspond, and the variance between the allegations and proof in this case as to the identity of the land is fatal. Plaintiff can not in this

action of trespass to try title, correct a misdescription of the land described in a trust deed executed by defendant to A. R. Hardy, trustee, which said trust deed forms a link in its chain of title, and especially so in the absence of a proper allegation in its petition to the effect that said misdescription of the land in said trust deed was caused by the mutual mistake of said Echols and said Hardy, trustee, and that it was the real intention of both parties to convey the 100 acres of the Thomas R. Wilson survey described in its petition. White v. Kingsbury, 77 Texas, 610; Watts v. Howard, 77 Texas, 71; Cavin v. Hill, 83 Texas, 76; Coker v. Roberts, 71 Texas, 601, 603; Sayles' Real Estate Laws of Texas, art. 836, pp. 480, 481; Tiedeman, Real Prop., secs. 787, 788.

3. The trust deed of D. P. Echols to A. R. Hardy, trustee, as well as the deed of A. R. Hardy, trustee, to Jacobs Mercantile Company, were void for want of a sufficient description of the land and premises mentioned therein to identify same, and were not admissible in evidence and passed no title. Watts v. Howard, 77* Texas, 71; Roundtree v. Thompson, 71 S. W. Rep., 574; Coker v. Roberts, 71 Texas, 591; Williams v. Ellingsworth, 75 Texas, 480; Halley v. Fontaine, 33 S. W. Rep., 260; 2 Devlin on Deeds, sec. 1010.

4. The books of account kept by the plaintiff, which show the exact dates of the various sales of merchandise and money advances made by plaintiff to defendant are the best evidence of the date said indebtedness accrued to plaintiff, and the defendant's motion to exclude the evidence of the witness, A. R. Hardy, as to when said indebtedness accrued should have been sustained and said evidence excluded. Rodgers v. O'Barr, 8 Texas Ct. Rep., 272; Bailey v. Hicks, 16 Texas, 227; Underwood v. Parrott, 2 Texas, 168; Cole v. Dial, 8 Texas, 349; Dailey v. Sonnenborn, 35 Texas, 61; Burleson v. Goodman, 32 Texas, 229; Townsend v. Coleman, 18 Texas, 418, 20 Texas, 821; Taylor v. Coleman, 20 Texas, 772; Werbiski v. McMannus, 31 Texas, 116; Boldridge v. Penland, 68 Texas, 441; Appeal Civil Cases, sec. 615; 9 Am. and Eng. Ency. Law., 903, note p. 910.

*O'Neall & Allday,* for appellee.—1. The petition of the plaintiff described the land with sufficient certainty to identify the same, and from the description given, possession could be delivered by the officer executing the writ of possession; and it gives the name of the county in which the land is situated which meets the requirements of the statute. Crabtree v. Whiteselle, 65 Texas, 111; Mansell v. Castles, 93 Texas, 416; Knowles v. Torbit, 53 Texas, 557; Wilson v. Smith, 50 Texas, 365; Edwards v. Smith, 71 Texas, 156; Ayers v. Riedell, 84 Wis., 276; Hildreth v. White, 66 Cal., 549; Castro v. Gill, 5 Cal., 40; Whitney v. Buck, 19 Cal., 300; Fauke v. Kemp, 5 Har. & J., 135.

2. An objection to a petition in trespass to try title based on the fact that the petition does not bear the indorsement required by statute, can not be raised by general demurrer, and can not be considered on appeal when presented for the first time in the Appellate Court. Land Co. v. Day, 68 Texas, 526.

3. There being no patent ambiguity in the description contained in the deed of trust to A. R. Hardy, and in the deed from A. R. Hardy, trustee, to the Jacobs Mercantile Company, said instruments were not

void for the want of description, but intrinsic evidence may be looked to in order to identify the land. Crabtree v. Whiteselle, 65 Texas, 111; Harkey v. Cain, 69 Texas, 146; Ferguson v..Connally & Co., 76 S. W. Rep., 609; 2 Devlin on Deeds, 1017.

4. A single man may encumber his homestead, as the constitutional prohibition against encumbering the homestead only applies to married men. Watts v. Miller, 76 Texas, 13; Thompson v. Robinson, 56 S. W. Rep., 578; Lee v. Mortgage Co., 61 S. W. Rep., 134; Kidwell v. Carson & Lewis, 3 Texas Civ. App., 327.

BOOKHOUT, Associate Justice.—This suit was instituted by the Jacobs Mercantile Company, a private corporation, organized under the laws of Texas, to recover one hundred acres of land situated in Cass County, with the improvements thereon, and for rent.

Defendant answered by plea of not guilty; also alleging that the property was acquired during the lifetime of his wife, Mollie Echols, and was their community homestead; that his wife died on July 24, 1902, leaving their two minor children, Virgie Echols and John Echols; that the plaintiff deraigned title through a deed of trust executed by defendant to A. R. Hardy, trustee, long after the death of his wife, and at the time of the execution thereof the property was the homestead of defendant and his said minor children and exempt to him and his said minor children. He further plead that there was no sufficient description of the land in said trust deed.

Plaintiff replied that at the time of the execution of the deed of trust by defendant he was a single man, and that the indebtedness, which said deed of trust was executed to secure, was contracted in the lifetime of the wife of the defendant and was a community debt due and owing by defendant to plaintiff at the time of her death. A trial resulted in a judgment in favor of plaintiff for the land sued for, and defendant appeals.

The plaintiff deraigned title as follows: First. Deed of trust executed by D. P. Echols to A. R. Hardy, trustee, dated March 16, 1903, to secure ten notes amounting to $731.60, payable to Jacobs Mercantile Company. Second. Deed from A. R. Hardy, trustee, to Jacobs Mercantile Company, dated December 2, 1903, consideration $800.

The proof showed that all the indebtedness evidenced by the notes which the deed of trust was executed to secure, was incurred during the lifetime of defendant's wife and was their community debt, except about $43.

1. It is contended that the court erred in overruling the defendant's exception to the effect that the petition did not contain a sufficient description of the land sued for to identify the same. The petition described the land as follows: "One hundred acres of land in Cass County, Texas, and being the same premises now occupied by D. P. Echols, and which were occupied by him March 16, 1903, and long prior thereto, and being the same one hundred acres of land upon which is situated the mill and gin, formerly owned by the said D. P. Echols, now the property of this plaintiff, and being the same 100 acres of land described in the deed of trust executed by the defendant, D. P. Echols, to A. R. Hardy, as trustee, to Jacobs Mercantile Company, of date of

December 2, 1903, and said land is bounded on the south by lands owned by E. E. Brougher, on the east by lands owned by Rev. S. G. Echols, and on the north by lands owned by this plaintiff, and on the west by lands owned by this plaintiff, and by lands owned by Ben. Duncan. Plaintiff alleges that said 100 acres of land is a part of the Thomas R. Wilson survey, but in the deed of trust from D. P. Echols to A. R. Hardy, of date March 16, 1903, and in the deed from A. R. Hardy, as trustee, to Jacobs Mercantile Company, of date December 2, 1903, through a mistake it is stated that said 100 acres of land is a part of the J. R. Wilson survey, but there is a valid description of said 100 acres of land after rejecting said false statement that it was a part of the J. R. Wilson survey."

The allegation that the premises consisted of one hundred acres of land now occupied by D. P. Echols and upon which is situated the mill and gin formerly owned by D. P. Echols, followed by a statement of the premises by which the same was bounded, was sufficient. The land could be identified by such description. (Crabtree v. Whiteselle, 65 Texas, 111; Mansel v. Castles, 93 Texas, 416; Knowles v. Torbit, 53 Texas, 557; Wilson v. Smith, 50 Texas, 365; Edwards v. Smith, 71 Texas, 156.)

It is insisted that the court erred in overruling the general demurrer to the petition because the amended original petition, upon which the cause was tried, was not endorsed "An action to try title as well as for damages." This contention is without merit. Such failure to endorse the amended petition could not be raised by general demurrer, and can not be considered on appeal when raised for the first time in this court. (Day L. & C. Co. v. State, 68 Texas, 526.)

2. It is insisted that the court erred in overruling the exceptions to the admission in evidence of the deed of trust from D. P. Echols to A. R. Hardy, trustee, the objections made being: First, that the description varies from the description of the land contained in the petition, both as to the name of the survey and as to the metes and bounds of the land described in the petition. Second, because the description in the deed of trust is insufficient to identify the land intended to be conveyed. The deed of trust described the land as follows: "100 acres of land situated in Cass County, Texas, near the town of Linden, being a portion of the J. R. Wilson survey, and being the same premises now occupied by me. Also the following machinery now situated in Cass County, Texas, and on the said premises upon which I reside; one shingle machine and all equipments used in connection with same; one Erie City boiler, one Common Sense 20 horsepower engine, one Loomus 50 saw gin, one 50 saw Windship gin, one elevator, one feeder, one press, one grist mill, and all pulleys, straps and everything used in connection with said mill and gin."

The undisputed evidence showed that the defendant, D. P. Echols, owned a homestead near Linden, Cass County, Texas, a part of the Thomas R. Wilson survey, supposed to contain 100 acres of land; that at the date of the execution of said trust deed the defendant resided on his said homestead, and had so resided for several years, and was residing on said homestead up to the trial of this cause. It was also shown that the mill and gin were located on said 100 acres of land. The description

contained in the deed in trust was sufficient to identify the land, and there was no error in admitting the deed of trust in evidence. (Crabtree v. Whiteselle, 65 Texas, 111; Harkey v. Cain, 59 Texas, 146; Ferguson v. Connally, 76 S. W. Rep., 609; Devlin on Deeds, 1017.)

Nor was there any variance between the description of the land as set out in the deed of trust and that contained in the petition. While the deed of trust described the land as part of the J. R. Wilson survey, the evidence clearly showed that this was a mistake, and that the land was a part of the Thomas R. Wilson survey. The description of the one hundred acres as the premises occupied by Echols and the same upon which certain machinery was situated was sufficient to identify the land, independent of the false description. (Early v. Sterrett, 18 Texas, 113; Huff v. Webb, 64 Texas, 284.)

3. There was no error in admitting the evidence of A. R. Hardy to show the time when the debt secured by the deed of trust was contracted. The pleadings of plaintiff alleged that the indebtedness was created in the lifetime of the deceased wife of defendant and was a community debt. The witness, Hardy, testified as to his personal knowledge of the time the debt was created, and he stated that it was incurred during the lifetime of Mrs. Echols. The notes and deed of trust evidenced a debt created subsequent to the death of Mrs. Echols, but the proof showed the notes were a renewal of two notes secured by a chattel mortgage executed prior to her death. Again, it is contended that the books and accounts of plaintiff, which show the exact date of the various sales of merchandise and money advanced by plaintiff to defendant, are the best evidence of when the indebtedness accrued to plaintiff, and for this reason defendant's motion to exclude the evidence of A. R. Hardy on this point should have been sustained. The witness, Hardy, did not claim to have derived his knowledge of the time the debt was created from the books, but testified to the time as a fact within his own personal recollection. The defendant himself testified to the same facts substantially as did Hardy. His evidence was that there was about $80 included in the deed of trust in addition to the notes executed by him during the lifetime of his wife. He testified that he had never paid these notes. These remarks apply also to the testimony of Isadore Jacobs, the admission of which is complained of in the fourth assignment of error.

4. It is insisted that the property was at the time of the execution of the deed of trust and the sale thereunder by A. R. Hardy, trustee, the homestead of defendant and his minor children, and that for this reason the sale by the trustee passed no title to plaintiff. The property was the homestead of defendant, D. P. Echols, and his deceased wife, at the time the debt which the deed of trust secured, was created. The debt was a community debt and secured by a chattel mortgage on machinery. After his wife's death, D. P. Echols executed new notes in renewal of this community debt, and to secure the same he gave a deed of trust on the homestead. He was living thereon at the time, and his family was composed of himself, and his two minor children. Being a single man he could encumber his homestead by a deed of trust, and it is held that a single man may give a deed of trust on the community homestead to secure a community debt. (Watts v. Miller, 76 Texas,

13; Pagan v. McWhirter, 71 Texas, 567; Ashe v. Yungst, 65 Texas, 631.) His minor children inherited their mother's interest in the property subject to the payment of the community debt. Under the authorities above cited the deed of trust executed by D. P. Echols on the community homestead after the death of his wife, to secure a community debt, created a valid lien thereon, and a sale thereunder conveyed the title as against himself and his minor children. In addition to the above authorities, see Thompson v. Robinson, 56 S. W. Rep., 578; Lee v. Mortgage Co., 25 Texas Civ. App., 481, 61 S. W. Rep., 134; Kidwell v. Carson, 3 Texas Civ. App., 327.

It was admitted by the defendant in his evidence that all the debt evidenced by the notes secured by the deed of trust was for a debt created during the lifetime of Mrs. Echols, except about $80. He further admitted that the same had not been paid. So long as any part of such community debt remained unpaid the trustee was authorized to sell under the trust deed to satisfy the same. (Groesbeck v. Crow, 85 Texas, 200.)

5. The appellant alleged in his answer, and the allegation is supported by his own testimony, that A. R. Hardy misled him by fraudulent representations to him at the time the deed of trust was executed, that he only wanted a description of the land to fully describe the machinery, and that he did not want to take a mortgage on the homestead of the defendant, and that a mortgage on the homestead was no good. A. R. Hardy swore positively that he made no such representations to the appellant; that the appellant knew that he was giving a mortgage on his homestead and was willing to do so; and that he told the appellant that he could fix the time of the payments to suit himself, and that the appellant fixed the time of the payments and was perfectly willing to give the deed of trust on the homestead. There are circumstances and facts tending to support the testimony of Hardy. The trial judge settled the conflict in evidence in favor of appellee, and we do not feel authorized to disturb his finding.

Our conclusion is that the judgment is fully authorized by the evidence, and no error having been pointed out as having occurred on the trial the same should be affirmed.

*Affirmed.*

Writ of error refused.