SPENCER et al. v. SCHELL.†

(Court of Civil Appeals of Texas. Dallas. Dec. 2, 1911. Rehearing Denied Jan. 6, 1912.)

1. HOMESTEAD (§ 146*)—SURVIVING WIFE—MORTGAGES—VALIDITY.

A lot, dedicated by a widow as a homestead after the death of her husband, may be mortgaged by her, though she has minor children, and is occupying it as a homestead, whether the lot was acquired by her with her separate funds, or was the community property of herself and husband, notwithstanding Const. art. 16, § 50, providing that no mortgage on the homestead, except for certain purposes, whether created by the husband alone or with his wife, shall be valid.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 257; Dec. Dig. § 146.*]

2. WITNESSES (§ 150*) — COMPETENCY — PARTIES TO ACTION BY HEIR.

An action by one as surviving widow and sole heir of her deceased husband, though she be entitled to half the property sued for as survivor, is within Rev. St. 1895, art. 2302,

---

prohibiting parties to a suit, brought by or against administrators, heirs, or representatives of a decedent, from testifying to transactions with him, so that defendants may not testify to payments made to deceased.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 653–657; Dec. Dig. § 150.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by Bessie Schell against Eloise Spencer and others. Judgment for plaintiff; defendants' appeal. Affirmed.

W. P. Linthicum and Allen & Allen, for appellants. Cockrell, Gray & Thomas and R. Delbert Jones, for appellee.

RAINEY, C. J. Appellee, as surviving widow and only heir of Wallace Schell, deceased, brought this suit to recover on certain promissory notes executed by appellants, and to foreclose a certain mortgage on certain lots in the city of Dallas, executed by appellant Eloise Spencer. Defendant answered by general demurrer, general denial, special payment, usury, and homestead. Plaintiff, by supplemental petition, pleaded that the payments made were on other indebtedness then due to said Wallace Schell, and same duly credited. Upon a trial by the court without a jury, judgment was rendered in favor of plaintiff for the amount due on said notes and foreclosing said mortgage, from which judgment this appeal was taken.

[1] The first assignment presented is that: "The court erred in refusing to permit the defendant, Mrs. Eloise C. Spencer, to prove that she was the head of a family, having minor children, and at the time of the execution of the mortgage sued upon she was occupying said premises as her homestead." Under this assignment, the proposition submitted is: "A mortgage, executed by a widow upon a house and lot owned and occupied at the time by herself and her minor children as her homestead, dedicated by her as the head of her family as such homestead after the death of her husband, is void under section 50, art. 16, of our Constitution." The failure of the court to admit said testimony was not error, as the Constitution does not prohibit a widow, though the head of a family, from mortgaging her homestead. The mortgage was executed by Mrs. Spencer, and the lot was dedicated by her as a homestead after the death of her husband. The evidence does not show whether the lot was the community property of herself and husband, or whether it was acquired by her with her separate funds. But, in either event, she had the right to legally mortgage it, as the evidence fails to show that any one else has any interest in the lot. Our appellate courts have held on various occasions that a single man or feme sole, head of a fam-

ily, could mortgage their homestead, and we do not feel authorized to hold to the contrary. Smith v. Von Hutton, 75 Tex. 625, 13 S. W. 18; Lacy v. Rollins, 74 Tex. 566, 12 S. W. 314; Astugueville v. Loustaunau, 61 Tex. 233; Echols v. Mercantile Co., 38 Tex. Civ. App. 65, 84 S. W. 1082; McGee v. Tinner (Civ. App.) 129 S. W. 866, and others.

[2] Appellants assign as error the action of the court "in refusing to allow the defendants to prove the various payments made by them, in all aggregating the sum of $692." The court excluded this testimony on the ground that said payments were made to Wallace Schell during his lifetime, and that the testimony was in violation of article 2302, R. S., which prohibits parties to suits from testifying as to transactions had with the deceased, where the suit is brought by or against administrators, heirs, representatives, etc. This suit was brought by plaintiff as surviving widow and sole heir of her deceased husband, which brings her within the class designated in the statute. That appellee was entitled to one-half of the property sued for as survivor does not affect the question. There was no error in the exclusion of the testimony complained of. Harrell v. Houston, 66 Tex. 278, 17 S. W. 731; Gurley v. Clarkson (Civ. App.) 30 S. W. 360; Hedges v. Williams, 26 Tex. Civ. App. 551, 64 S. W. 76.

The judgment is affirmed.