PORTER et al. v. JOHNSON et al.

(Court of Civil Appeals of Texas. Dallas. Nov. 23, 1912.)

1. HIGHWAYS (§ 7*)—PRESCRIPTIVE RIGHT.

The public may by adverse use for the prescriptive period acquire right of highway in a road, though the county authorities have not recognized it as a public road.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 10, 12–14, 16, 18; Dec. Dig. § 7.*]

2. HIGHWAYS (§ 77*)—CLOSING—INJUNCTION—PLEADING.

Though the road, the closing of which was sought to be enjoined, was not a part of the E. road as actually laid out by the county authorities, yet it being part of "what is known" as the E. road, and this being the allegation of the petition, there is no variance.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 263–276; Dec. Dig. § 77.*]

Appeal from District Court, Hill County; C. M. Smithdeal, Judge.

Action by J. T. Johnson and others against Horton B. Porter and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

See, also, 140 S. W. 469.

Wear & Frazier and Morrow & Morrow, both of Hillsboro, for appellants. W. E. Spell, of Waco, and Luther Nickels and R. M. Vaughan, both of Hillsboro, for appellees.

TALBOT, J. This is an action brought by the appellees against Horton B. Porter, county judge of Hill county, Tex., J. I. Edens, W. E. Farquhar, J. F. Griffith, and G. W. Taylor, county commissioners of said county, and Eugene Edens, Mrs. Maggie Taylor, Mrs.

E. Parker, and Ernest Parker, husband of the said Mrs. E. Parker, to restrain the said county judge and commissioners, as members of and composing the commissioners' court of Hill county, from having an order, made by said court on February 17, 1911, discontinuing a public road in commissioners' precinct No. 4 of said county, alleged to be known as part of the Eureka Tap road, executed and enforced, and to enjoin the other named defendants from obstructing or closing up said road. The injunction as prayed for was granted, and by an amended petition sworn to, upon which the case was tried, the plaintiffs alleged, among other things, that they resided in Hill county, Tex., and in commissioners' precinct No. 4, and, in substance (1) that the road in question had been, upon petition and the report of a jury of view, established as a public road; (2) that if it had been used by the people of Hill county and by plaintiffs as a thoroughfare and recognized by the county as such for a period of more than 30 years; (3) that said road had been opened and dedicated to public use as a public road; (4) that the same had become a public highway and the right of the public to use it as such had been acquired by prescription; that the community public free school, known as the Eureka district school, is situated on said road, and the said road affords the nearest and most convenient way for the children of plaintiffs to reach the public schoolhouse; that to discontinue said road would, in the judgment of plaintiffs, necessitate the dividing of the Eureka school district, thereby rendering it impossible to have and maintain as good a school as now exists, and be destructive of the school interest of said community; that said road is used by the people residing in said Eureka school district in going to and from church, Sunday school, and all religious gatherings, and in going to and from their respective market towns; that the portion of said road sought to be discontinued runs through farms owned by the said Mrs. Parker, Mrs. Taylor, and Eugene Edens; that the petition filed, requesting the discontinuance, did not comply with the law, in that only six of the signers of said petition were freeholders in the precinct through which that portion of the road sought to be discontinued runs; that the order abolishing said road is void, because no notice was given of the application to discontinue the same as required by statute; that the commissioners' court in attempting to discontinue and abolish said road further failed to comply with the statute, in that said court failed to open a new road connecting that part of the road not discontinued; that plaintiffs, by proper motion, since the making of the order discontinuing said road, and filed during the term of the court at which said order was entered, stated the facts to the commissioners' court, and re-

quested that said order be set aside and a hearing of the matter granted to plaintiffs, to the end that they have an opportunity to show why said road should not be discontinued, but that said court arbitrarily refused to pass upon said motion, and arbitrarily and fraudulently refused to hear any evidence which would lead to a disclosure of the true facts in connection with the discontinuance of said road, and which would have shown that it was not to the interest of the public to have said road discontinued; that the action of the commissioners' court in making the order discontinuing the road was a gross abuse of the authority and discretion lodged in it by the Constitution and laws of the state, was arbitrary, and in total disregard of the property rights of the plaintiffs.

The plaintiffs further alleged "that the discontinuance of the road in question had and would cause each and all of the plaintiffs to suffer special injury thereby, as distinguished from the injury suffered by the public in general, in this: That they were all property owners in the neighborhood of said road, and in the school district through which said road runs; that the abolition of the road would decrease the rental value of their land 50 cents per acre, and would affect its market value 50 cents per acre or more; that it would preclude them from securing good tenants to cultivate their land, and would make the route to market, church, school, post office, etc., much longer and more difficult, and would affect materially the market value of their land, at least to the extent alleged." They also alleged the number of acres owned by each plaintiff. They did not allege specifically that either of them lived upon or owned land abutting on that portion of the road discontinued by the order of the commissioners' court.

The defendants answered by a general demurrer and a general denial.

The case was tried with the aid of a jury, and in response to questions propounded by the court the jury found (1) that the strip of land across the tract of land owned by the appellants Edens, Taylor, and Parker, which was by an order of the commissioners' court of Hill county discontinued as a part of the Eureka Tap road, had been used by the public of that community continuously, uninterruptedly, and adversely as a roadway for a period of 10 years consecutively since 1889, and prior to the date of said order closing the same, and that the road in question was a public highway by prescription; (2) that the permanent closing of said road would cause a depreciation in the market value of the lands owned by plaintiffs, and that it would depreciate the value of the lands of certain named plaintiffs more than it would the value of the lands owned by other plaintiffs, and cause them to suffer damages not suffered by the public generally; (3) that notice of the application to discontinue the

road was posted at the courthouse door of Hill county for about 20 days and in two public places in the vicinity of the road for about 10 days; (4) that the distance between the point of beginning and the point of destination of the road in question was not shortened by the discontinuance of that portion of the road involved in this suit by the order of the commissioners' court; (5) that the commissioners' court did not make a full investigation of the proposed change of the road before ordering the change, but acted arbitrarily and without substantial cause or reason for changing the road; (6) that the public interest would not be better served by the discontinuance of the road; (7) that seven of the signers of the application filed with the commissioners' court for the discontinuance of the road were residents of commissioners' precinct No. 4 and twelve of them owned land lying in that precinct. The evidence, it seems, was insufficient to authorize a finding that the road in question had been dedicated to public use, or that the same had been established as a public road by action of the commissioners' court, and these issues tendered by the plaintiffs' pleadings were eliminated by the court's charge. Upon the findings of the jury, however, upon the issues submitted, judgment was entered perpetuating the injunction theretofore granted and enjoining the members of the commissioners' court of Hill county from executing and enforcing the order discontinuing the road in question, and enjoining and restraining the defendants Edens, Taylor, and Parker from obstructing or closing up said road. From the judgment thus entered the defendants appealed.

[1] The first assignment of error complains of the court's refusal to submit the following issue requested by appellants: "Has the county, or any one acting for it, ever asserted any right to the use of the land in question for a public road adverse to the rights and title of the owner of said land? If such right referred to in the foregoing question was ever asserted, then answer when it was so asserted." The propositions contended for under this assignment, in substance, are (1) that, unless Hill county or some one acting for it asserted the right to use the land in question for a public road adverse to the rights and title of the owner, said land could not be impressed with the character of a public road; (2) that the court having submitted the case on special issues, and having failed to submit to the jury the question as to whether or not the public authorities of Hill county had adopted the road involved and the submission of such issue having been requested, it was error for the court to refuse to submit it; (3) that the appellees, being private parties, could not force upon the public authorities a road with the incidental burdens of repair and maintenance without the assent of the

properly constituted authorities, and such assent could not be inferred from long continued use by the public. The correctness of the second and third of the propositions clearly depends upon the correctness of the first, and, if the first does not state the law correctly, it follows as a matter of course that the second and third are without merit. The question for decision then is, Was it essential to the right of the plaintiffs to maintain this suit and obtain the relief sought, that it be made to appear that the commissioners' court of Hill county had laid out and established the road in question as a public road, or had in some manner recognized it as a public highway? This question has been answered in the negative by this court in the case of Evans v. Scott, 37 Tex. Civ. App. 373, 83 S. W. 874. In that case it is said: "The public's right of prescription to a highway is not dependent upon the recognition of that right by the municipal authorities of the county, but is acquired by adverse use for the time and in the manner prescribed by the rules of law." This we think is the correct view of the law. It is well settled that a public highway may be created in three separate and distinct ways, namely, by dedication by the owners of the fee, either express or implied, "by long use by the public, carried on in such a manner and persisted in for such a length of time as to give a right by prescription or limitation," by beng laid out and established by the municipal authorities in the manner prescribed by statute. An implied dedication arises by operation of law from the acts of the owner, and is founded on the doctrine of equitable estoppel, and it is essential in such case that the owner intended to set the land apart to the use and benefit of the public. A right by prescription rests upon the presumption that the owner of the land has granted the easement, and that the grant has been lost. It is not necessary in the latter case to show intent on the part of the owner of the land to set apart the road to public use, and the element of acceptance is not involved. Adverse use of the road for the length of time required by the public is the foundation upon which the claim rests. This use must have continued uninterrupted under adverse claim of right for the full prescriptive period, which in this state is 10 years. Evans v. Scott, supra, and authorities cited. Again: "If the public by a prescriptive use, has acquired the right, which may ripen into control by the county, it inures to all who may have had an interest in maintaining the road." Hall v. City of Austin, 20 Tex. Civ. App. 59, 48 S. W. 53. Under appropriate instructions, the jury found that the road in question had become a public road by prescription, and had the issue requested by appellants been submitted, and, had the jury found that the road had not been recognized by the commissioners' court of Hill county in any way as a public road, still the plaintiffs, if

otherwise entitled to recover, would have been entitled to the judgment renderd. It follows that neither of appellants' propositions can be maintained, and that the assignment under consideration should be overruled.

[2] The second assignment of error complains of the court's refusal to give the following special charge requested by the defendants: "Plaintiffs by their pleading claim that the road in question is a part of the Eureka Tap road. Unless you believe from a preponderance of the evidence that the road in question is a part of the Eureka Tap road, you cannot under any circumstances find it to be a public road." This charge was properly refused. The proof was not materially variant from the allegations. The road is described in plaintiffs' petition as "what is known as the Eureka Tap road situated in commissioners' precinct No. 4, * * * and especially that part extending from the Grandview and Hillsboro road to the Itasca and Hillsboro road running through the farms of Mrs. E. Parker and Ernest Parker, Mrs. Maggie Taylor, and Eugene Edens." The evidence, as we understand it, without conflict shows that the road directed to be closed by the order of the commissioners' court is a part of what is known as the Eureka Tap road. It was so described by appellant Edens in both his testimony and in the notice to close the road which he says he posted before applying to the commissioners for an order to close the road. Thus the road in question was both in the pleadings and in the evidence described to be "what is known as a part of the Eureka Tap road," running through the farms of Mrs. E. Parker and Ernest Parker, Mrs. Maggie Taylor, and Eugene Edens, and, even though it was not in fact a part of the Eureka Tap road as actually laid out by the commissioners' court of Hill county, yet it was as alleged, known as a part of that road, and its identity was by both the pleadings and evidence sufficiently established. Echols v. Jacobs Mfg. Co., 38 Tex. Civ. App. 65, 84 S. W. 1082. It was not essential, as we have held, to plaintiffs' right to recover upon the theory that the road had become a public road by prescription, that the commissioners' court had recognized it as such.

It is assigned that the trial court erred in refusing to instruct the jury at defendants' request to return a verdict in their favor. The propositions advanced under this assignment are (1) "appellees having alleged that the discontinued road was a part of the 'Eureka Tap road,' and it appearing from the evidence that the 'Eureka Tap road' was a second-class road, and that it did not extend to nor cover the part of the road, the discontinuance of which is complained of, but that the east end of the said Eureka Tap road was at a point about one-fourth of a mile west of the land through which the road in controversy ran and the proof failing to sustain the allegations, a peremptory instruction should have been given"; (2) "that it appearing that the Eureka Tap road was a second-class road, and that the road in question by reason of the obstructions thereon, gates, and fences across it, could not have been a second-class road, and, it appearing without dispute that it had never been adopted by the county authorities as a part of the Eureka Tap road or otherwise, the evidence failed to sustain the allegations, and peremptory instructions should have been given." Both of the questions raised under this assignment have been decided adversely to appellants' contention in disposing of the assignments already discussed, and need not be further considered. What has been said disposes also of appellants' fourth assignment.

Appellants' fifth assignment of error will also be overruled. The evidence was amply sufficient to authorize and sustain the findings of the jury, which have been stated in a former part of this opinion, and the judgment based thereon is not contrary to law.

The judgment of the district court is therefore affirmed.