HOUSTON TRANSFER & CARRIAGE CO. et al. v. WILLIAMS. (No. 7463.)

(Court of Civil Appeals of Texas. Galveston. Dec. 20, 1917. Rehearing Denied Jan. 24, 1918.)

1. GOOD WILL ☞6(2)—SALE—VIOLATION OF CONTRACT.

Covenant of good will in a sale of a transfer and storage business is not violated by the seller's devisee and heir renting her stables to others engaged in the same business and permitting them to use the telephone number formerly used by the seller.

2. WITNESSES ☞129—COMPETENCY—ACTION BY HEIR—TRANSACTION WITH DECEASED.

The action on a note given deceased is within Vernon's Sayles' Ann. Civ. St. 1914, art. 3690, prohibiting either party to an action by heirs of decedent in which judgment may be rendered for or against them as such, testifying against the other as to a transaction with or statement by deceased; the petition, alleging he died leaving a will "bequeathing all his property to petitioner, petitioner being his only heir, and by reason thereof is the owner and holder of the note," showing plaintiff brought the action and claimed ownership both as legatee and sole heir.

3. WITNESSES ☞159(5) — COMPETENCY — TRANSACTION WITH DECEDENT.

Vernon's Sayles' Ann. Civ. St. 1914, art. 3690, prohibiting either party to an action by an heir testifying against the other as to his transaction with decedent, applied to defendants' testimony, in an action on a note given to deceased for price of a business, showing that he had failed to deliver to them the goods he had agreed to deliver.

Error from District Court, Harris County; Wm. Masterson, Judge.

Action by Mrs. Emma Williams against the Houston Transfer & Carriage Company and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Kennerly, Williams, Lee & Hill, of Houston, for plaintiffs in error. A. R. & W. P. Hamblen, of Houston, for defendant in error.

PLEASANTS, C. J. This suit was brought by defendant in error against the Houston Transfer & Carriage Company as maker, and against several other defendants as indorsers of nine promissory notes for the aggregate sum of $1,450, with interest and attorney's fees. The notes were payable to C. C. Williams, the deceased husband of plaintiff, and were given in part payment of personal property sold by said Williams to the Houston Transfer & Carriage Company. In addition to a general demurrer and general denial defendants pleaded failure of consideration for the notes upon which the suit was brought. These pleas allege, in substance, that the notes were executed in part consideration of the sale to the defendant transfer company of a transfer and storage business owned and conducted by C. C. Williams in the city of Houston, together with the good will of the business and all the accounts and bills receivable due it; that the entire consideration for said sale was $8,000, and defendant had paid to said Williams all said consideration except that portion evidenced by the notes sued on; that the good will of the business and the covenant of Williams not to engage in a similar business in the city of Houston, and accounts due said business which Williams represented were secured by goods deposited in his warehouse, composed the larger portion of the consideration for the $8,000 paid and promised to be paid for said business and the property and appliances belonging thereto, which was the subject-matter of the contract of sale; that by renting her stables to others who were engaged

in the transfer business in competition with defendant transfer company and permitting said tenants to use the telephone number formerly used by C. C. Williams in carrying on the business sold by him to said defendant, plaintiff had violated the covenants contained in the · contract of sale and destroyed the value of the "good will" transferred by said contract; that $1,800 of the accounts represented by C. C. Williams to be unpaid and due said business and secured by goods deposited in his warehouse were either paid or were not secured by goods as represented by Williams and were wholly worthless; and that because of the facts above stated the consideration for the notes sued on had wholly failed. Upon the trial in the court below defendants George A. Hill, president, and H. E. Hildebrand, director, of the defendant company, who are sued as indorsers for the notes, testified in substance that after the business was turned over to the defendant transfer company they had the goods in the warehouse checked over, and found that there were no goods in the warehouse to secure a number of accounts which Williams had represented as being secured by goods placed for storage in said warehouse. Upon motion of plaintiff this testimony was stricken out on the ground that it was not admissible under the provisions of article 3690, Vernon's Sayles' Texas Civil Statutes, and the jury were instructed to return a verdict in favor of plaintiff for the amount due upon the notes. A verdict was returned in accordance with this instruction and judgment was so rendered.

[1] If the testimony was admissible it was sufficient to raise the issue of failure of consideration, and the case should not have been taken from the jury. In so far as plea of failure of consideration is based upon the allegations in regard to plaintiff renting the stables formerly used by her deceased husband in connection with his transfer business and permitting the tenant who engaged in business in competition with defendant to use the telephone number formerly used by Williams in the conduct of his business, we think the plea is insufficient. The facts pleaded, if fully proven, do not show a violation of the covenant of "good will" in the contract of sale, and furnish no basis for a claim for damages, or failure of consideration for the notes.

[2] The disposition of this appeal depends upon the one question of whether the trial court erred in holding that the testimony of the defendants before stated, as to the condition of the accounts turned over to them by Williams, was inadmissible. The question is not without difficulty, but we have reached the conclusion that the court did not err in the ·ruling mentioned. The article of the statute upon which the ruling was based provides, in substance, that in actions by or against executors, administrators, guardians, heirs, or legal representatives of a decedent in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the other as to any transaction with or statement by the deceased, unless called to testify thereto by the opposite party. Appellants first assail this ruling of the court on the ground that plaintiff's petition shows that she sues as legatee under the will of her deceased husband, and therefore the article of the statute above referred to has no application. After alleging the execution and delivery of the notes by defendants to C. C. Williams, the petition alleges:

"That after the execution and delivery of said notes said C. C. Williams departed this life in Houston, Harris county, Tex., leaving a written will which has been duly probated, bequeathing all property to your petitioner, your petitioner being his only heir, and by reason thereof your petitioner is the owner and holder of said notes, whereby defendants became liable, indebted, undertook, agreed, and promised to pay your petitioner said sums of money as evidenced by said notes, interest, and attorney's fees."

It was admitted and agreed upon the trial by plaintiff and defendants:

"That C. C. Williams died on the 19th day of February, 1910, leaving a will which was duly probated at the following term of the probate court of Harris county, Tex., March 10, 1910, leaving all his property real and personal, to the plaintiff in this suit, and that plaintiff in this suit is his only heir."

We think the language of the petition before quoted shows that plaintiff brought this suit and claimed ownership of the notes both as legatee and sole heir of her deceased husband. It cannot be doubted that, upon the allegations of the petition, if plaintiff had failed to establish her title to the notes as legatee, she would have been entitled to establish her ownership by showing that she was the sole heir of C. C. Williams. This being true, judgment might have been rendered for or against her as such heir, and article 3690 of the statute forbids the defendants in such suit from testifying against her as to their transactions with the deceased, or statements made by him; they not having been called to testify thereto by the plaintiff. The fact that under the pleadings and evidence she was both legatee and heir, and judgment might have been rendered for or against her as either or both, does not affect the application of the statute. Spencer v. Schell, 142 S. W. 111.

[3] Appellants further contend that the ·statute was not applicable to the testimony of the defendants as to their checking the goods in the warehouse after its possession was delivered to them, and what the checking or inventory showed with regard to the goods which Williams had represented as being on deposit in the warehouse and security for the accounts transferred by him to defendants, because such testimony was only a statement of what the defendants themselves had done under the contract of sale. This contention cannot be sustained. The testimony is more than a statement of what the defendants had done under the contract. It

shows what the deceased had not done, and that he had failed to deliver to defendants the goods he had agreed to deliver under the contract. We think this must be held to be testimony as to the 'transaction between deceased and defendants out of which the cause of action asserted in this suit arose, and is within the inhibition of the statute. Lengelet v. Piper, 133 S. W. 480.

In our opinion the judgment of the court below should be affirmed; and it has been so ordered.

Affirmed.