### D. G. SMITH v. W. B. VON HUTTON ET AL.

#### No. 2754.

**Unmarried Man May Mortgage His Homestead.** — An unmarried man, although he may have a family, may mortgage his homestead, and a sale under such mortgage will pass the title.

APPEAL from Washington. Tried below before Hon. C. C. Garrett. The opinion states the case.

*Bassett, Muse & Muse,* for appellant. — 1. Upon the conclusions of fact found by the judge, the plaintiff and Mrs. Kell and her children, composing a common household, constituted a "family" within the intent and meaning of the constitutional provision which protects the family in the enjoyment of the homestead. Wolfe v. Buckley, 52 Texas, 648–50; Homestead Cases, 31 Texas, 680; Lane v. Phillips, 69 Texas, 240; Webster's Dic., "Family."

2. The deed of trust under which the appellees claim, being an attempt to encumber the homestead, was void under the clause of the Constitution which declares that "No mortgage, trust deed, or other lien on the homestead shall ever be valid, except," etc. Const., art. 16, sec. 50; Campbell v. Elliott, 52 Texas, 151.

3. We respectfully ask leave to controvert the rule sought to be deduced from the decision of this court in Lacy v. Rollins, 74 Texas, 566, to the effect that an unmarried man, being the head of a family, may encumber the family homestead for debt, notwithstanding the inhibition of the clause of the Constitution just cited. For purposes of argument and illustration we may use the following authorities. Const., art. 16, sec. 50; Cobbs v. Coleman, 14 Texas, 595; Allison v. Brookshire, 38 Texas, 199; Moreland v. Barnhart, 44 Texas, 275; Miller v. Menke, 56 Texas, 539–550; McDonald v. Campbell, 57 Texas, 617, 618; Franklin v. Coffee, 18 Texas, 416; Barnes v. White, 53 Texas, 628; Alexander v. Holt, 59 Texas, 205;

Cameron v. Fay, 55 Texas, 58; Watkins v. Davis, 61 Texas, 414; Porter v. Sweeney, 61 Texas, 213.

*C. R. Breedlove* and *W. W. Searcy,* for appellees.

HENRY, ASSOCIATE JUSTICE.—This is an action of trespass to try title, brought by appellant. The defendants recovered judgment for the land.

Appellant is an unmarried man. In the year 1873 he bought the land in controversy—a lot in the city of Brenham—and at once began to live on it. He occupied a house situated on the lot as a home, and there lived with him in the house one Kell and his wife and their children. Kell's wife is appellant's cousin. They all lived together as one family, Kell and Smith both contributing to the support of all, and Mrs. Kell and her daughters doing the household work. In the year 1881 Kell died.

There survived him his wife and four daughters who were minors.

After Kell's death his widow and her daughters and appellant continued to live together in the house as they had done before.

The appellant furnished supplies, and did that which is ordinarily a man's work on the place, while Mrs. Kell and her daughters have performed the duties usually performed by the female members of a family, such as sewing, cooking, and washing for appellant and themselves.

In the year 1887 appellant executed a deed of trust on the premises to secure a debt. The property was sold under the deed of trust, and conveyed by the purchaser to appellees.

Appellant's only assignment of errors reads as follows: "Upon the conclusions of fact found by the judge, the plaintiff and other persons composing his household constituted a family within the intent and meaning of the provisions of the Constitution exempting the homestead of a family from forced sale for the payment of debts; and the premises in controversy were their homestead, and the deed of trust and sale under which the defendants claim were therefore invalid, and the court erred in its conclusion of law holding otherwise, and in the judgment based thereon denying plaintiff a recovery of the premises."

We deem it unnecessary to consider the question whether appellant and the persons living with him constituted a family within the meaning and intent of our homestead laws.

In the case of Lacy v. Rollins, 74 Texas, 566, we decided that an unmarried man may mortgage his homestead.

The counsel of appellant makes an argument against the correctness and policy of applying that decision to the case of an unmarried man who has a family. He insists that the decision ought not to be applied to cases where, though there is no wife, yet there are other constituents of a family entitled to the homestead protection.

We recognize both the force of the argument and the importance of the

question, and yet we are constrained to believe that the decision referred to embraces the case before us and should be adhered to.

The constitutional restriction upon mortgaging a homestead is in the following language: "No mortgage, trust deed, or other lien on the homestead shall ever be valid, * * * whether such mortgage or trust deed or other lien shall have been created by the husband alone or together with his wife."

It is provided by our laws, and is contemplated by the Constitution, that other persons besides married people may own homesteads, all of which are equally protected from forced sale, without regard to the status of the owner. The restrictions with regard to the voluntary exercise of dominion over a homestead by its owner, we think, do depend upon his status as to family relations. The owner is prohibited from selling it, according to his own pleasure, only when he is a married man; and a mortgage by him is equally prohibited when he is a married man. If the purpose was to prohibit the mortgaging of a homestead, by anybody or under any circumstances, the language used would have been sufficient to accomplish that purpose if the qualifying words had been omitted.

As the language, "The homestead of a family shall be and is hereby protected from forced sale for the payment of all debts, except," * * * is without difficulty construed to embrace every homestead. So would the language "No mortgage, trust deed, or other lien on the homestead shall ever be valid, except," * * * have as clearly accomplished the same purpose if they had not been used in connection with the words, "whether such mortgage or trust deed or other lien shall have been created by the husband alone or together with his wife."

Without the added words the prohibition is complete. They can serve no purpose but to qualify and explain the preceding clause.

The fact that the Constitution permits the husband and wife, when acting together, to sell the homestead, but at the same time denies to them the power to mortgage it, may, to some extent, impair the force of the argument with regard to the reason of the provision growing out of the power unquestionably left in the unmarried owner to sell the family homestead at his own pleasure.

We think the language of the Constitution is plain enough to justify the construction that we give it, without it being necessary to show why the power to mortgage should have been granted to an unmarried and denied to a married man. Satisfactory reasons for the distinction no doubt exist. Even if they do not, there still may have existed so much doubt about the utility or advantage of the rule that gave the power to sell, but denied it to make a mortgage, as to prevent its being made universal.

The judgment is affirmed.

*Affirmed.*

Delivered January 21, 1890.