BURTON–LINGO CO. v. STANDARD et al. (No. 9153.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 8, 1919.)

VENDOR AND PURCHASER ⟝254(4)—EQUITABLE LIEN SECURING DEBT ASSUMED BY BUYER AS PART CONSIDERATION.

Where plaintiff company furnished material for a plant to the value of $1,900, and the owner sold the plant to defendant, the deed reciting it was subject to $1,900 against the plant, the $1,900 being part consideration for the conveyance, for payment of the amount of any balance due equity implied a lien on the plant and land in favor of plaintiff, though the deed did not expressly reserve one.

Appeal from District Court, Taylor County; Joe Burkett, Judge.

Suit by the Burton-Lingo Company against W. J. Standard and others. From judgment for defendants, plaintiff appeals. Reversed, and cause remanded.

Sayles & Sayles, of Abilene, for appellant.
Stinson & Chambers, of Abilene, for appellees.

CONNER, C. J. This suit was instituted in the district court of Taylor county by the appellant company to recover a balance of $267.25, due upon an account for materials furnished, against W. J. Standard and the First State Bank of Tuscola, Tex., for the foreclosure of an alleged equitable lien. It was alleged that the plaintiff company had furnished the material, an itemized account of which was attached to the plaintiff's petition, of the value of some $1,900, and for which there yet remained due the said sum of $267.25. The bank was made a party to the suit upon an allegation that it was claiming some interest in lot 1, block 27, in the town of Tuscola, upon which the plaintiff sought to foreclose its alleged equitable lien. Plaintiff's pleadings also attached as an exhibit a deed executed by W. J. Standard and wife to one Bitha R. Dudley, and the deed by the pleadings is made the basis of the plaintiff's claim for a lien. The deed is in the usual form of such transfers, and recites that it was executed "in consideration of the sum of $4,900 paid and secured to be paid by Bitha R. Dudley as follows: ($3,000) three thousand dollars cash, the receipt of which is herewith acknowledged; out of her separate means and assets and subject to ($1,900) nineteen hundred dollars against said plant." The plant referred to by the allegation was a power and light plant operated by Standard upon the lot in question, and for which the material specified in the exhibit had been furnished. The plaintiff further alleged that the defendant bank had full knowledge of this recitation and of the lien thus created.

The court sustained special exceptions to the petition, and found that the plaintiff had no lien, and accordingly dismissed the suit for want of jurisdiction over the amount involved, and the plaintiff has appealed.

The plaintiff's pleadings very plainly alleged that the $267.25 balance for which it sought a recovery was a part of the $1,900 indebtedness declared by the deed to be against the plant conveyed, and we think the trial court erred in finding as he did. It is true that the grantee in the deed did not in express terms assume the payment of the $1,900, but it is clearly inferable from the terms of the deed that the total consideration to be paid by the grantee, Bitha R. Dudley, was $4,900, of which only $3,000 was paid, thus leaving $1,900 of the total consideration to be paid. The deed contains no recital indicating that the $1,900 was secured by a note or notes, or that it was ever to be paid to the grantor. It is inferable, therefore, we think, that the $1,900 which the deed declared to be "against" the plant was part of the consideration. Or, at least, if ambiguous on this

---

⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

point, the ambiguity might be relieved by evidence. If, in fact, the $1,900 was part of the consideration for the conveyance of the land, then for its payment equity implies a lien, even though the deed failed to expressly reserve on. See Joiner v. Perkins, 59 Tex. 300; Clark v. Collins, 76 Tex. 33, 13 S. W. 44. The views thus expressed renders it immaterial that the petition of the plaintiff failed to show that it had fixed a materialman's lien as provided by our statutes. The equitable lien, if established, was equally as effective in its behalf.

We conclude that the judgment should be reversed, and the cause remanded.