## ETTER et al. v. TUCK.

### No. 12415.

Court of Civil Appeals of Texas. Dallas.

Jan. 30, 1937.

O. H. Woodrow, of Sherman, for appellants.

Jas. D. Buster, of Sherman, for appellee

BOND, Justice.

A temporary writ of injunction was obtained by L. M. Tuck, in his capacity as independent executor of the estate of J. L. Burleson, deceased, enjoining Henry Etter, as trustee, and L. A. Knowles, as beneficiary in a deed of trust, from selling certain real estate under the power of sale of said deed of trust. On appeal from the order granting the temporary injunction, this court affirmed the judgment of the lower court. See 91 S.W.(2d) 875. This second appeal is from the action of the trial court on a hearing denying appellants' motion to dissolve the temporary writ of injunction.

The facts, as shown from the findings and conclusions filed by the trial court, show that on August 14, 1930, J. L. Burleson, then a single man, executed and delivered

to L. A. Knowles his promissory note in the sum of $2,300, and a deed of trust, reciting the usual powers of sale on the land in controversy; and that on October 31, 1933, J. L. Burleson conveyed by warranty deed the land to R. C. Neaves, for a recited consideration of $500 cash and a note of $700, executed by Neaves and payable to J. L. Burleson, and the assumption by Neaves of the above note of $2,300, the deed reserving a vendor's lien on the land to secure the payment of such deferred purchase money.

Contemporaneously with the delivery of said deed and as a part of the same transaction, Burleson, Neaves, and Knowles entered into a written agreement, by which Knowles extended the time of payment of his note, reduced the rate of interest thereon, and accepted Neaves as the assumptor of his indebtedness and the lien extended on the land.

On July 5, 1934, J. L. Burleson died, leaving a will, naming appellee L. M. Tuck independent executor of his estate, and the note of $700 as a part of his assets going to his executor. In the course of administration, Neaves paid on the note $49, being the amount of interest thereon for one year, and on December 15, 1934, reconveyed the land in question to the executor, in consideration of a return of the $49 interest which he had paid, and the cancellation of the $700 note which he had executed to J. L. Burleson.

The contention was made by appellee that the reconveyance of the land, after the death of J. L. Burleson, in cancellation of the $700 note, subjected the land to the payment of the first and second class claims due by the estate of J. L. Burleson before the holder of the $2,300 note could have recourse to said land. Under such conclusion of law, the trial court rendered its judgment, decreeing that the land conveyed by the testator to Neaves, with a reservation of title until the vendor's lien note was paid, was a part of his estate at the time of his death, and that the executor, on reconveyance to him, could resort to the sale of such land for the payment of the claims against the estate as classified.

We know of no decision in this state, and have been referred to none, holding that a vendor, who creates a deed of trust lien on land and thereafter sells the land, upon which he has placed such encumbrance, to a third party, who assumes the encumbrance as a part of tne purchase price for the land and gives a vendor's lien to secure the purchase price, such subsequent note, given by the vendee to the vendor, is a superior lien to the prior recorded encumbrance, and that a reconveyance of the property to the vendor or to his executor, in consideration of the cancellation of the subsequent vendor's lien note, subjects the land to the payment of first and second class claims due by the estate, as preference claims to the prior encumbrance.

A vendor's lien arises by operation of law and exists in the sale of land to secure the payment of the purchase money, and where a part of the purchase money is the assumption of an indebtedness due to a third party, the vendor's lien arises in favor of such third party to secure such indebtedness. In purchasing the land involved in this suit, R. C. Neaves assumed and agreed to pay the outstanding indebtedness due to appellant as a part of the purchase price thereof and, upon such assumption and agreement, the right of appellant is based. The recitals in the deed from Burleson to Neaves, obligating the purchaser to take the mortgaged property and assume the existing indebtedness due to appellant, is contractual in nature; therefore, it inures to the benefit of the mortgagee, giving to his prior deed of trust lien the quality of a vendor's lien in his favor, and such lien cannot be rescinded without the consent of the mortgagee after such had been accepted by him. Texas Land & Loan Co. v. Watkins, 12 Tex.Civ.App. 603, 34 S.W. 996; Wm. M. Joiner, Adm'r, v. A. G. G. Perkins, 59 Tex. 300; Thomas v. Morrison et al. (Tex.Civ.App.) 46 S.W. 46; Hales v. Peters et al. (Tex.Civ.App.) 162 S.W. 386; Burton-Lingo Co. v. Standard et al. (Tex.Civ.App.) 217 S.W. 446; Gonzalez v. Zachry (Tex.Civ.App.) 84 S.W.(2d) 855; Price v. Bevers (Tex.Civ.App.) 91 S.W.(2d) 797; Texas Osage Co-op. Royalty Pool et al. v. Benz (Tex.Civ.App.) 93 S.W.(2d) 196.

The only interest the estate had in the land at the time of the deed of J. L. Burleson was that of a junior lienholder to the extent of the $700 note. The testator, at the time of his death, had no right in the land itself, except as a security for the $700 purchase-money note which he owned, and the testator's executor acquired no better right in the land than the testator had himself during his lifetime. The legal or paramount title, or superior right,

to the land that remained in the vendor, was not a beneficiary or possessory interest in the land. Such superior title or right reserved in the conveyance was simply a security for payment of the unpaid purchase money due the vendor, or the performance of any unperformed obligation. Carey et al. v. Starr et ux., ,93 Tex. 508, 56 S.W. 324; Rooney v. Porch (Tex.Com. App.) 239 S.W. 910; Roth et al. v. Connor (Tex.Civ.App.) 25 S.W.(2d) 246. So, we think, the reconveyance by R. C. Neaves to the executor, in cancellation of the $700 second vendor's lien note, had no other effect than to extinguish that note and lien, and the executor then held the property in trust for the benefit of L. A. Knowles, the superior lienholder. The creditors of the estate had no interest in the title to the land superior to the mortgagee's vendor's lien; the land was not owned by the testator at the time of his death and, when the executor received the deed from R. C. Neaves, it was merely an after-acquired title coming into the estate burdened with the encumbrances that were on the land at the time the property was conveyed. Therefore, we are of the opinion that the executor has not shown himself entitled to the injunctive relief, preventing the sale of the 179 acres of land involved in the suit; the judgment of the court below should be reversed and the temporary injunction dissolved; it is so ordered.

Reversed, and temporary injunction dissolved.