**Robert Stanley LITOFF, Appellant,**

v.

**Jerry E. JACKSON and Guadalupe A. Jackson, Appellees.**

No. 4–87–00595–CV.

Court of Appeals of Texas, San Antonio.

Dec. 2, 1987.

Donald J. Mach, San Antonio, for appellant.

Steven Harkiewicz, San Antonio, for appellees.

Before REEVES, DIAL and CHAPA, JJ.

OPINION

MOTION FOR EXTENSION OF TIME TO FILE STATEMENT OF FACTS GRANTED; MOTIONS FOR EXTENSION OF TIME TO FILE BOND AND TRANSCRIPT OVERRULED AS MOOT

PER CURIAM.

Appellant has filed motions for extension of time to file the cost bond and the record.

The motions are opposed. The issue presented in the motions and the responses is which of three judgments or orders signed by the trial court is the final judgment for purposes of the appeal.

The initial judgment was signed on July 10, 1987. It was a take nothing judgment in favor of appellees. The judgment indicates that the cause was tried on June 8, 1987. Subsequent to the trial of the cause, but prior to the signing of the judgment, a plea in intervention was filed on June 26, 1987, by appellant's attorney. The plea indicated that appellant had discharged the intervenor, and the intervenor sought a judgment for attorney's fees allegedly owed him by appellant. On July 22, the trial court signed an "Order Reforming Judgment." That order decreed that judgment "be entered in accordance with the prior Judgment," and set a hearing on the plea in intervention for August 26, 1987. On July 30, appellees filed a motion to set aside the reformed judgment and to reinstate the July 10 judgment. They also filed a first amended motion to strike the plea in intervention and, alternatively, to sever the intervention. In the motions appellees raise the arguments, reiterated in their responses in this court, that they did not receive notice of the hearing on the motion to reform the judgment, and that the intervention was untimely because it was filed after final judgment was pronounced.

The hearing on these motions resulted in the third order signed by the trial court. This order was signed on August 14, and it severed the intervention; set aside the Order Reforming Judgment due to lack of proper notice, and reinstated the July 10 judgment.

Appellant contends that the order of August 14 is the final judgment for purposes of appeal. If this is true, both his bond and transcript have been timely filed. He requests the extensions, however, in an "abundance of caution" in case we conclude that one of the earlier orders is the one from which the appellate timetable must be calculated.

Appellees argue that the final judgment is the one signed July 10. Their arguments are twofold. First, they argue that since the Order Reforming Judgment was entered without the three day notice required by TEX.R.CIV.P. 21, it could not have had an affect on the judgment "according to Rule 73 of the Texas Rules of Civil Procedure." Second, they argue that the intervention was untimely because it was filed after the hearing that resulted in the July 10 judgment.

We fail to see the significance of the reference to Rule 73. That rule provides various sanctions which may, on motion, be imposed for the failure of a party to furnish copies of pleadings to his opponent. There is no indication that appellees sought any sanctions or even that they are complaining of lack of notice of the plea in intervention. Their argument is that because they were not provided with three days notice of the hearing on the motion to reform the judgment, the July 22 order "should be considered null and void and of no force." Consequently, they argue, the August 14 order should be given no effect.

Our decision regarding which order is final for purposes of appeal will not turn on whether the July 22 order was entered without proper notice to appellees. That order was signed during the period of the trial court's plenary power, TEX.R.CIV.P. 329b(d), and, at any rate, the trial court endeavored to correct the notice problem by the entry of its August 14 order which appellees admit was entered following proper notice to all parties. The only question is whether the judgment disposed of all parties and issues before the trial court. *North East Independent School District v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). If it did, it is final and appealable.

To determine which judgment was final, we thus must determine whether all parties have been disposed of. This, in turn, brings us to appellees' second argument: whether the intervention was timely. We hold that it was. An intervention is proper at any time before a final decision on the merits. *Smalley v. Taylor*, 33 Tex. 668, 669 (1871); *Delley v. Unknown Stockhold-*ers of Brotherly and Sisterly Club of Christ, Inc., 509 S.W.2d 709, 717 (Tex.Civ. App.—Tyler 1974, writ ref'd n.r.e.). In *Delley*, the intervention occurred six days after trial was completed while the trial court had the case under advisement. The case of *St. Paul Insurance Co. v. Rahn*, 586 S.W.2d 701 (Tex.Civ.App.—Corpus Christi 1979, no writ), relied upon by appellees, is distinguishable. In *St. Paul*, the intervention occurred after final judgment had been signed. *Id.* at 702. In the instant case the intervention occurred prior to the signing of the July 10 judgment. Therefore, that judgment was not final because it did not dispose of the intervenor who became a party to the case. All parties were not finally disposed of until the order of August 14 which reinstated the July 10 judgment and also severed the intervention. Thus, the August 14 order is the final judgment for purpose of appeal.

Because the cost bond and the transcript have been timely filed, appellant's motions for extension of time regarding these instruments are overruled as moot. The motion for extension of time in which to file the statement of facts is granted. The statement of facts will be due by 4:00 p.m., February 15, 1988.