# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00719-CV

**Frank Evans, Appellant**

**v.**

**Greg Abbott, Attorney General of the State of Texas, Appellee**

---

### FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY
### NO. 2300, HONORABLE GUY S. HERMAN, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

In 1999, the Austin Independent School District ("AISD") filed a petition for condemnation of land belonging to E. and Hettie Evans, as trustees for "The St. Johns Church of God in Christ #2." AISD named appellant Frank Evans, E. Evans's brother, as a party with possible interest in the property. An attorney ad litem was appointed to represent the interests of appellant Frank Evans, the other named possible heirs, and all unknown heirs. In November 1999, a hearing was held before three special commissioners, and they found that the condemned property was worth $73,000, and awarded that sum to "E. and Hettie Evans, Trustees," as well as appellant and several other parties. AISD deposited $73,000 with the trial court in December 1999.

In January 2000, Norris McDonald filed an affidavit stating he was "Bishop of the Church of God in Jesus Name f/k/a St. John's Church of God in Christ #2." McDonald stated that he had been friends with E. and Hettie Evans for about thirty years, and that they granted him a life

estate in the property. McDonald stated that since 1994 he had spent about $15,000 and had done substantial work making the property suitable for use as a church. He sought to withdraw from the deposited funds the present-day value of his life estate and the sums he spent on the property. In March 2000, the trial court found that "the presence of a potential charitable trust" required that the Attorney General be given notice and an opportunity to investigate, and ordered the attorney ad litem to notify the Attorney General of the proceeding.

In July 2000, the Attorney General filed a petition in intervention, and in February 2001 moved to remove the attorney ad litem and to dismiss the claims of McDonald and other alleged heirs. The Attorney General attached as exhibits a 1975 warranty deed conveying the property from M.L. McGee to "E. Evans and Hettie Evans, for the St. Johns Church of God in Christ #2," and a copy of the records from the Travis County Appraisal District showing the "St Johns Church of God in Christ #2" as the owner of the property. The Attorney General sought to have the funds distributed to the Church of God in Christ, Second Ecclesiastical Southeast Jurisdiction of Texas. Appellant then filed his first pleadings in this cause, objecting to the Attorney General's motion and asserting a right to the deposited funds. The trial court ordered the bulk of the funds distributed to the Church of God in Christ, as requested by the Attorney General, awarded McDonald about $9,000 but denied his claim of a life estate, and denied appellant's and all other purported heirs' claims against the condemnation proceeds. Appellant then filed his notice of appeal.[1]

---

[1] AISD was initially an appellee in this cause, but this Court granted AISD's motion to be dismissed as an appellee because appellant does not appeal from AISD's condemnation of the property, but from the distribution of the condemnation funds.

On appeal, appellant contends first that the Attorney General's petition in intervention was untimely and therefore should have been denied, and second that the trial court's order distributing the funds and denying appellant's claims is based on insufficient evidence.[2]

In his first issue on appeal, appellant contends that the Attorney General's intervention was untimely. A party may intervene if he could have brought the action, or a part thereof, on his own. *See* Tex. R. Civ. P. 60. An intervenor need not secure permission to intervene; a party who opposes the intervention has the burden to challenge it by a motion to strike. *Guarantee Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990) (op. on reh'g). A party may intervene any time before the final decision on the merits. *In re Estate of York*, 951 S.W.2d 122, 125 (Tex. App.—Corpus Christi 1997, no pet.); *Litoff v. Jackson*, 742 S.W.2d 788, 789

---

[2] The Attorney General urges us to dismiss this appeal for want of jurisdiction without regard to the merits, contending that it did not receive notice of appellant's notice of appeal; however, appellant's certificate of service recites that he sent a copy of the notice to the Attorney General, and the rules do not mandate any particular form of service to be used when sending all parties copies of the notice of appeal. *See* Tex. R. App. P. 25.1(e). The Attorney General further complains that the appellate record was filed more than one year after it was due. However, deadlines for filing records are not jurisdictional. We overrule the Attorney General's contention that this Court lacks jurisdiction over appellant's appeal.

We next note that although it is apparent that appellant, who is *pro se*, has attempted to comply with the briefing rules, his brief is inadequate under those rules. *See id.* 38.1. To avoid giving *pro se* litigants an unfair advantage over litigants represented by counsel, *pro se* litigants generally are held to the same standards that apply to licensed attorneys. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978); *Chandler v. Chandler*, 991 S.W.2d 367, 378-79 (Tex. App.—El Paso 1999, pet. denied). Appellant's brief states his issues and attempts to present argument and authorities, but does not adequately present his argument or cite to the record as to the timeliness of the intervention, and does not present any argument or authority for his second issue, attacking the sufficiency of the evidence. Despite the inadequacies of appellant's brief and certain procedural irregularities, in the interest of justice, we will consider the merits of his issues. *See* Tex. R. App. P. 38.9 (briefing rules to be construed liberally).

3

(Tex. App.—San Antonio 1987, no writ) (citing *Smalley v. Taylor*, 33 Tex. 668, 669 (1871); *Delley v. Unknown Stockholders of Brotherly & Sisterly Club of Christ, Inc.*, 509 S.W.2d 709, 717 (Tex. Civ. App.—Tyler 1974, writ ref'd n.r.e.)).

The Attorney General filed his petition in intervention in July 2000, about eight months after the Special Commissioners filed their award and about seven months after the funds were deposited by AISD. In his petition, the Attorney General recites that he received notice of the condemnation proceeding in March 2000, when the attorney ad litem, acting pursuant to an order signed by the trial court, sent the Attorney General notice. *See* Tex. Prop. Code Ann. § 123.003 (West Supp. 2003). In March 2000, shortly after the Attorney General received notice of the proceeding, he informed the district clerk that he was investigating to determine whether he should participate and asked to be informed of any hearings. Appellant did not move to strike the Attorney General's intervention, nor did any other party. Appellant raised no complaint as to the Attorney General's involvement until the Attorney General filed a motion to distribute the funds, at which time appellant claimed a right to the deposited funds, essentially objecting to the Attorney General's proposed distribution, not to the intervention. Even if appellant had objected to the intervention, "[w]hether an intervention should be struck is in the discretion of the trial court and its exercise of that discretion is subject to review for abuse of discretion." *Nacol v. State*, 792 S.W.2d 810, 812 (Tex. App.—Houston [14th Dist.] 1990, writ denied). Appellant has not shown that the Attorney General's intervention was untimely or that the trial court abused its discretion in allowing the intervention. We overrule appellant's first issue on appeal.

In his second issue, appellant contends that the trial court's order distributing the deposited funds is not supported by the evidence. However, the record contains the 1975 warranty deed of the property to E. and Hettie Evans, "for the St. Johns Church of God in Christ #2," and the tax records of the Travis County Appraisal District indicate the property was owned by the St. Johns Church of God in Christ #2. *See* Tex. Prop. Code Ann. § 112.001(1), (2) (West 1995) (trust may be created by property owner's declaration that he holds property as trustee for another or his *inter vivos* transfer of property to another as trustee for third party). The Attorney General's research found that the church was "a local church operating under The Church of God in Christ, Inc. a Tennessee nonprofit corporation. The Church of God in Christ, Inc. is the national governing body of Church of God in Christ churches." The Attorney General stated that the church was "a local church under the Second Ecclesiastical Southeast Jurisdiction of Texas," and, therefore, that entity was the proper recipient of the deposited funds. Although appellant alleges in his statement of facts that the property was the Evanses' residence "before Church Services were ever held by Pastor Evans at their home," and asserts that "[a] Pastor of a Church can not be a trustee of the same Church," these allegations are not supported by the record or by authority. *See* Tex. R. App. P. 38.1(h) (brief must include appropriate citations to authority and record); *Carlisle v. Philip Morris, Inc.*, 805 S.W.2d 498, 501 (Tex. App.—Austin 1991, writ denied) (appellate court generally may not consider matters outside the appellate record); *see also* Tex. Prop. Code Ann. § 112.008 (West 1995) (beneficiary not automatically disqualified from being trustee); *Gonzalez v. Gonzalez*, 457 S.W.2d 440, 448 (Tex. Civ. App.—Corpus Christi 1970, writ ref'd n.r.e.) (trustee may be beneficiary or executor of trust). Further, such "facts" would not rebut the presumption that, because appellant's brother and sister-in-

5

law were deeded the property only as trustees for the church, the church was the true owner of equitable title to the property, *see Hallmark v. Port/Cooper-T. Smith Stevedoring Co.*, 907 S.W.2d 586, 589 (Tex. App.—Corpus Christi 1995, no writ), or the Attorney General's conclusion that the Church of God in Christ, Second Ecclesiastical Southeast Jurisdiction of Texas was the appropriate recipient of the funds paid in exchange for the property title taken by AISD. We overrule appellant's second issue on appeal and affirm the order of the trial court.

_____

Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   September 25, 2003

6