**Mae NACOL and Gene Blackwell, Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. B14–89–00665–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 14, 1990.
Rehearing Denied July 12, 1990.

Marian S. Rosen, Mary M. Rawlins, Houston, for appellants.

Ronald Sommers, Houston, Rose Ann Reeser, Austin, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

This case arises out of a suit brought by the State of Texas seeking the appointment of a receiver for ARMS of America (Multiple Sclerosis Research) Limited ("ARMS") and injunctive relief. Within two years after being funded with over $1 million, ARMS maintained a cash balance of $100,-000 with expenses of $50,000 per month. The attorney general sought to place ARMS in receivership to determine if the organization could be restructured. The receiver found that ARMS could not be restructured and should be dissolved. In fourteen points of error, Nacol and Blackwell, members of ARMS, challenge (1) the attorney general's authority to file suit in Harris County, (2) the trial court's order striking their pleas in intervention, (3) the ARMS president's authority to sign the agreed order to appoint a receiver, and (4) the constitutionality of article 4412a of the Revised Civil Statutes, now codified as sections 123.001 through 123.005 of the Property Code.

The attorney general of Texas filed an original petition for appointment of a receiver and injunctive relief against ARMS to protect and conserve the assets of ARMS and to prevent disposal or concealment of property, assets, or records of ARMS. The petition recited that ARMS was created to receive charitable donations from the public to fund multiple sclerosis research. In 1985, ARMS was funded with $1,067,092.97. By September 30, 1985, the balance was $393,831 and by March 27, 1986, the balance was approximately $100,-000 with expenses of $50,000 per month.

In an agreed order, dated March 31, 1986, Ronald J. Sommers was appointed receiver for ARMS. The agreed order was signed by ARMS's president and stated that, "all assets of the corporation, which was organized solely for charitable purposes, are deemed impressed with a charitable trust by virtue of the expressed declaration of the corporation's purpose." The receiver filed his report finding (1) the affairs of ARMS had been mismanaged, (2) there were inadequate financial controls, excessive expenditures, and unreasonable salaries, (3) there was a pattern of self-dealing between the board of directors, executive committee, and the officers of the corporation, (4) all fund raising, but one event, resulted in losses, and (5) the expenditures authorized by the ARMS board were inappropriate. The receiver further recommended that ARMS be liquidated.

The court accepted the report of the receiver and ordered the liquidation of ARMS. Three days later, Mae Nacol filed her plea in intervention. Nacol also filed a motion to set aside the order accepting the receiver's report and the agreed order appointing the receiver, and a motion to dismiss the original petition seeking appoint-

ment of a receiver. Several months later, Gene Blackwell filed his plea in intervention. The trial judge struck Nacol's and Blackwell's pleas and denied Nacol's motions. Nacol and Blackwell appeal from those rulings.

■ Because points of error eight and nine are dispositive of this appeal, we will address only those points. Nacol and Blackwell claim the trial court improperly struck their pleas in intervention. After final judgment in this case, Nacol and Blackwell filed pleas in intervention claiming they were members of ARMS of America and, as such, had standing to intervene pursuant to the Non–Profit Corporation Act. TEX.REV.CIV.STAT.ANN. art. 1396–1.01 et seq. (Vernon 1980). The attorney general moved to strike those pleas, alleging Nacol and Blackwell had no greater interest in ARMS than the general public and, therefore, did not have standing to intervene. The trial court struck the pleas.

■ Because Nacol and Blackwell have no special interest different from that of the general public they have no standing to institute or maintain a suit to enforce a public charitable trust. See Coffee v. William Marsh Rice University, 403 S.W.2d 340, 341 (Tex.1966). The attorney general is the representative of the public and is the proper party to maintain such a suit. Gray v. Saint Matthews Cathedral Endowment Fund, Inc., 544 S.W.2d 488, 490 (Tex.Civ.App.—Texarkana 1976, writ ref'd n.r.e.). Where a charity is for the benefit of the public at large or a considerable portion of it, and the language of its creation is such that no particular individuals can be pointed out as the objects to be benefited by it, the official representative of the public is the only party capable of vindicating the public's rights in connection with that charity. Id.

■ Nacol and Blackwell argue that ARMS is not a charitable trust and is therefore not subject to the attorney general's authority to enforce public charitable trusts. Article 4412a of the Texas Revised Civil Statutes, however, includes in a charitable trust "all gifts and trusts for charitable purposes." A public charity is defined to include any organization with a purpose benefitting a large and indefinite group of people. Powers v. First Nat'l Bank of Corsicana, 161 S.W.2d 273, 280 (Tex.1942). In its articles of incorporation, ARMS states the purposes for which the corporation is organized:

(1) To operate exclusively for charitable, educational and scientific purposes as referred to in Sections 501(c)(3) and 170(c)(2) of the Internal Revenue Code[.]

(2) To promote all research necessary to find the cause, cure and prevention of Multiple Sclerosis and aid and improve the condition of those suffering from it and publish the results of such research for the benefit of the public.

(3) To collect, analyze and collate information relating thereto and to exchange such information with other affinitive bodies, to treat and determine upon all questions relating to Multiple Sclerosis and publish the results of such research for the benefit of the public.

We conclude that, based on its stated purposes, ARMS is a charitable trust under article 4412a.

■ Under Texas Rule of Civil Procedure 60, an individual may intervene if the intervenor's interest is such that, if the original action had never been commenced, and he had first brought it as a sole plaintiff, he would have been entitled to recover to the extent of at least a part of the relief sought; if the action had been brought against him, he would be able to defeat recovery, or some part thereof. Intercontinental Consolidated v. University Sav. Ass'n, 793 S.W.2d 652 (Tex.1990). Whether an intervention should be struck is in the discretion of the trial court and its exercise of that discretion is subject to review for abuse of discretion. Texas Supply Center, Inc. v. Daon Corp., 641 S.W.2d 335, 337 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). The attorney general is the representative of the public and he is the individual who may bring suit for the benefit of the public. Nacol and Blackwell have no greater interest than the members of the public the attorney general represents. Nacol and

Blackwell are not proper parties to the suit; therefore, the trial court did not abuse its discretion in striking the pleas in intervention.

█ Moreover, Nacol's and Blackwell's pleas were not timely filed. The pleas were filed after the trial court signed the judgment. Where a petition in intervention is filed after judgment, rule 60 does not apply. *Comal County Rural High School District No. 705 v. Nelson,* 314 S.W.2d 956, 957 (Tex.1958). The filing of Nacol's and Blackwell's pleas in intervention was not proper under rule 60, and the pleas had no effect on the court's final judgment. Points of error eight and nine are overruled.

█ Nacol's and Blackwell's right to intervene is dispositive of this appeal. Intervention is a mechanism where one not an original party to pending legal proceedings becomes a party thereto for the protection of some right or interest to be affected by the proceedings. *Whitman v. Willis,* 51 Tex. 421, 424 (1879). By definition, one who seeks to intervene is not a party to the proceedings. Therefore, once Nacol's and Blackwell's pleas in intervention were properly struck, they were not parties and had no standing to challenge the attorney general's actions. *See Road Dist. No. 5 v. McElwrath,* 64 S.W.2d 1109 (Tex.Civ.App. —San Antonio 1933, no writ) (Third parties who unsuccessfully tried to intervene after rendition of final judgment held not parties and not entitled to appeal). Points of error one through seven and ten through fourteen are overruled.

The trial court's judgment is affirmed.