Dismissed and Memorandum Opinion filed May 29, 2008








Dismissed
and Memorandum Opinion filed May 29, 2008

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00969-CV

____________

 

TWO STORY ENTERPRISES, INC. AND
DONNA HOLCOMB, Appellant

 

V.

 

CHRIS DI FERRANTE,
Appellee

 



 

On Appeal from County Court at Law
No. 2

Galveston County, Texas

Trial Court Cause No.
52,700-A

 



 

M E M O R A N D U M   O P I N I O N

This is an attempted appeal from an order signed July 13,
2006.  In the order ,the trial court granted partial summary judgment against
Two Story Enterprises, Inc. (ATSE@) and Donna
Holcomb in favor of Chris Di Ferrante.  Further, the   trial court severed Di
Ferrante=s claims against
TSE and Holcomb on the September 27, 2002 promissory note and guarantee, except
for any attorney=s fees, into cause number 52,700-A. 
Accordingly, the order is final and appealable.








On August 14, 2006, TSE and Holcomb each filed a timely
motion for new trial.  When appellant has filed a timely motion for new trial,
motion to modify the judgment, motion to reinstate, or request for findings of
fact and conclusion of law, the notice of appeal must be filed within ninety
days after the date the judgment is signed. See Tex. R. App. P. 26.1(a).  The notice of appeal was therefore
due no later than October 11, 2006.  Notice of appeal was filed February 5,
2007, by TSE, Holcomb, Donald Young, and Doris Young.  

The record reflects Holcomb filed a ANOTICE OF
BANKRUPTCY FILINGS & STAY OF APPELLATE DEADLINES@ the same day the
notice of appeal was filed.  The notice asserts that Doris Young filed for
bankruptcy on October 3, 2006.  That bankruptcy case was dismissed on November
20, 2006.  On December 4, 2006, Doris Young again filed for bankruptcy.  On
December 29, 2006, the bankruptcy court lifted the bankruptcy stay, as of
January 8, 2007.  Holcomb claims the notice of appeal was due thirty days from
that date, on February 7, 2007, and was therefore timely.

On January 9, 2008, notification was transmitted to all
parties of this court=s intent to dismiss the appeal for want of
jurisdiction.  See Tex. R. App.
P. 42.3(a).  On January 30, 2008, Holcomb, Donald Young, and Doris
Young, each acting pro se, filed a response asserting Doris Young=s filings for
bankruptcy extended the time to file the notice of appeal.








When a party files a bankruptcy petition, an automatic stay
goes into effect and abates any judicial proceeding against that party.  See
In re Southwestern Bell Telephone Co., 35 S.W.3d 604 (Tex. 2000) (orig.
proceeding) (citing 11 U.S.C. ' 362(a)).  The automatic stay does not
operate against non-debtors or even co-debtors, co-tortfeasors, or
co-defendants.  Id.  There was no judicial proceeding against Doris
Young in this case when she filed for bankruptcy.  She is not a party to the
judgment entered on July 13, 2006.  On September 25, 2006, she filed a petition
in intervention.  See Tex. R.
Civ. P. 60.  A party cannot intervene after judgment has been rendered
and become final.  See Citizens State Bank of Sealy, Tex. v. Caney Inv., 746
S.W.2d 477, 478 (Tex. 1988); and Beach v. Beach, 912 S.W.2d 345, 347
(Tex. App. B Houston [14th Dist.] 1995, no pet.).  Doris Young=s petition in
intervention was therefore not proper under Rule 60.  See Nacol v.
State, 792 S.W.2d 810 (Tex. App. B Houston [14th
Dist.] 1990, writ denied).  Because she was not a party to the proceeding,
Doris Young=s filings for bankruptcy did not operate to extend the
time to file the notice of appeal in this case..       

Accordingly, appellants= notice of appeal
was not filed timely. A motion for extension of time is necessarily implied
when an appellant, acting in good faith, files a notice of appeal beyond the
time allowed by Rule 26.1, but within the fifteen-day grace period provided by
Rule 26.3 for filing a motion for extension of time.  See Verburgt v. Dorner,
959 S.W.2d 615, 617-18 (Tex. 1997) (construing the predecessor to Rule 26). 
Appellant=s notice of appeal was not filed within the
fifteen-day period provided by Rule 26.3. 

Appellants= response fails to demonstrate that this
court has jurisdiction to entertain the appeal.  The appeal is ordered
dismissed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed May 29, 2008.

Panel consists of Justices Frost,
Seymore, and Guzman.